**Kulwant KAUR, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72477.

United States Court of Appeals, Ninth Circuit.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Jan. 14, 2008.*

Filed July 10, 2008.

Surjit Singh, Esq., Law Office of Surgit Singh, APC, Anaheim, CA, for Petitioner.

CAC–District, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John Van Lonkhuyzen, DOJ–U.S. Department of Justice, Civil Division/Appellate Staff, Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

### ORDER

The memorandum disposition filed on January 28, 2008, is withdrawn. A replacement memorandum will be filed concurrently with this order.

Kaur's petition for rehearing and petition for rehearing en banc are denied as moot.

### MEMORANDUM **

Kulwant Kaur, a native and citizen of India, petitions for review of a Board of Immigration Appeals' ("BIA") order that affirmed an immigration judge's order denying her claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination, because Kaur's testimony and her asylum application were inconsistent regarding whether she sustained any harm during her 2001 detention, and this inconsistency goes to the heart of her claim. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). Substantial evidence also supports the BIA's additional finding that Kaur failed to establish a well-founded fear of future persecution based on her status as an unwed Sikh mother, because she did not demonstrate an objective basis for her future fear. *See Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003). Therefore, Kaur's asylum claim fails.

Because Kaur failed to meet the lower standard of proof required to establish eligibility for asylum, she necessarily failed to show that she is entitled to withholding of removal. *See Farah ·v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

We dismiss Kaur's CAT claim, because she failed to exhaust the claim before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.